UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA HARTELIUS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-13-5117-RHW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 21. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## JURISDICTION

On October 5, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning September 18, 2009. Tr. 24; 191. Plaintiff indicated that she was unable to work due to injuries to her back and hip. Tr. 205. The claim was denied initially, denied upon reconsideration, and Plaintiff subsequently requested a hearing. Tr. 112-47. On April 17, 2007, ALJ Gene Duncan presided over an administrative hearing at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

which medical expert James Haynes, M.D., vocational expert Patricia Ayerza, and Plaintiff, who was represented by counsel, testified. Tr. 44-110. ALJ Duncan found that Plaintiff established she was disabled from the filing date through the date of the hearing, but the ALJ concluded that Plaintiff had "medically improved" beginning the date after the hearing, and from that date forward Plaintiff could perform sedentary work. Tr. 30.

Plaintiff requested review from the Appeals Council, and along with the request, Plaintiff submitted several medical reports dated April 4, 2012 through August, 23, 2012. Tr. 5. The Appeals Council declined review. Tr. 1-6. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

At the time of the hearing, Plaintiff was 54 years old, five feet two inches tall, and weighed 230 pounds. Tr. 50-51; 79. She graduated from high school, and attended college for one and one-half years. Tr. 50. She lived with her husband, and she had grown children who lived nearby. Tr. 86-87. Plaintiff's past work included working as a cashier, casino card dealer, and telephone service representative. Tr. 215.

In September, 2009, Plaintiff stepped off a curb and suffered a jarring, painful injury to her low back. Tr. 272, 286. Since that date, Plaintiff has experienced continuing low back and lower right extremity pain that is aggravated with physical activity. Tr. 377.

Plaintiff testified that she cooks and loads the dishwasher daily, she does laundry every two to three days, and she cannot perform vacuuming or yard work. Tr. 86-87. Plaintiff also said she does some grocery shopping, only purchasing light items that she can lift. Tr. 87.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971)*. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This

burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 18, 2009, the alleged onset date. Tr. 27. At step two, the ALJ found that during the time period September 18, 2009 through April 17, 2012, Plaintiff had the following severe impairments: sacroiliac strain, spondylosis, myofascial pain syndrome, marked obesity, and a cancerous tumor on thigh. Tr. 28. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.929(d), 416.925 and 416.926). Tr. 28.

The ALJ found that from September 18, 2009 through April 17, 2012, the Plaintiff's residual functional capacity was less than sedentary, Plaintiff was unable to perform any past relevant work, and considering her age, education, work experience, and residual functional capacity, no jobs existed in significant numbers in the national economy that Plaintiff could have performed, and thus Plaintiff was disabled for a closed period. Tr. 30. By contrast, the ALJ found that as of April 18, 2012, Plaintiff had medically improved and from that date forward, she had the capacity for "a wide range of sedentary work," she had no new impairments, and

thus she was no longer disabled. Tr. 31. The ALJ concluded as of April 18, 2012, Plaintiff could return to her past relevant work as a customer service representative, and thus she was disabled for a closed period. Tr. 32.

## ISSUE

The parties agree that the ALJ erred by finding that Plaintiff experienced "medical improvement" and therefore was no longer disabled. ECF No. 13 at 3; ECF No. 21 at 5-8. Plaintiff argues that the case should be remanded for benefits. ECF No. 13 at 15. Defendant disagrees and argues that the proper remedy is to reverse the ALJ's decision in its entirety, and remand for a new, full sequential evaluation. ECF No. 21 at 8-9. Plaintiff replies that the Defendant waived this argument and the Court lacks jurisdiction to grant such relief. ECF No. 23 at 5-6.

## DISCUSSION

### A. Effect of Concession.

Plaintiff contends that as a result of Defendant's concession, the proper remedy is remand for an award of benefits. In its motion for summary judgment, Defendant twice conceded error. The first concession acknowledged:

> The Commissioner agrees with the Plaintiff that the ALJ did not adequately address the medical evidence and Plaintiff's statements. Thus, the finding that, beginning April 18, 2012, Plaintiff could perform her past relevant work, and was not under a disability, is not supported. The Commissioner concedes error.

ECF No. 21 at 5. The plain meaning of this concession reveals Defendant's agreement that as of April 18, 2012, Plaintiff could not perform her past relevant work, and she remained disabled. This position contradicts Defendant's argument that this case must be remanded for an entirely new sequential evaluation.

Defendant's second concession included the acknowledgement that the ALJ erred in finding Plaintiff had little credibility after April 17, 2012:

>Plaintiff argues the medical evidence of record does not support the ALJ's finding that her disability ended on April 18, 2012, due to medical improvement. ECF No. 13 at 11-13. She also argues the ALJ committed harmful error by finding she was no longer credible after her disability ended. ECF No. 13 at 14. The Commissioner concedes that the ALJ did not properly consider this evidence. The ALJ erred in determining whether medical improvement had occurred to the point of non-disability pursuant to the eight-step sequential evaluation process in 20 C.F.R. §404.1594. In turn the ALJ's erroneous evaluation of the medical improvement issue directly affected the ALJ's assessment of Plaintiff's credibility.

ECF No. 21 at 8.

Defendant's concession and Defendant's request to remand for reconsideration of the sequential process are in fatal conflict. Defendant's explicit wording conceded that the ALJ erred by finding Plaintiff's disability *ended* due to medical improvement. Thus, Defendant's concession is inconsistent with a request to remand for reconsideration of the entire sequential evaluation.

## B.   Lack of Jurisdiction.

Plaintiff contends that Defendant's request for remand for a "re-evaluation of the evidence and continuation of the disability evaluation process" is not properly before this Court because Defendant waived the argument and as a result, the Court lacks jurisdiction to grant the remedy Defendant seeks. ECF No. 21 at 5.

Defendant cites no legal authority to support its request to remand for a full reconsideration of Plaintiff's claims on the merits.[1] Under the administrative

---

[1] Defendant simply asserted:
>However, upon review of the entire record, the Commissioner has determined that the medical opinions and objective evidence of record do not conclusively establish a finding of disability for **any** period between Plaintiff's alleged onset date of September 18, 2009, and the hearing decision date of May 22, 2012.

ECF No. 21 at 8 (emphasis in original).

regulations related to the Social Security Act, the Secretary is authorized to review any decision of an ALJ on her own motion. 20 C.F.R. § 404.969. The Appeals Council may initiate review within 60 days after the date of the decision. *Id.* In this case, the Appeals Council did not initiate review, and as a result, Defendant's request to remand the case for a full reconsideration is untimely.

Similarly, the other regulations that allow the Defendant to reopen Plaintiff's case are not applicable in this case, nor has Defendant argued that these regulations apply. For instance, the Secretary may reopen a previous determination or decision under certain conditions. 20 C.F.R. § 404.987(b). A case may be reopened within one year "for any reason," and within four years upon a finding of "good cause." 20 C.F.R. § 404.988. "Good cause" is defined in 20 C.F.R. 404.989, and includes "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. 404.989 (a)(3). In this case, because more than one year elapsed, Defendant must establish "good cause" exists in order to reopen Plaintiff's case. However, Defendant failed to establish, much less provide meaningful argument, that the ALJ's determination "clearly shows on its face" that an error was made. In the absence of legal support allowing Defendant to reopen Plaintiff's case for full reconsideration on the merits, the argument fails.

Finally, as Plaintiff points out, Defendant failed to provide a specific argument to support the allegations that the ALJ erred. Defendant did not cite case law or other legal authority to support the request for a full reconsideration, and Defendant failed to identify evidence that the ALJ allegedly improperly weighed. In short, Defendant failed to set forth a meaningful argument to support the summary assertion that the medical opinions and objective evidence failed to support the ALJ's determination Plaintiff was disabled. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

appellant's opening brief.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments" for a party and therefore will not consider claims that were not actually argued in a party's opening brief.  *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

      Defendants have failed to provide argument, briefing, and legal authority to support its request to remand for a full reconsideration of the sequential evaluation. In light of the circumstances of this case, including Defendant's concessions, remand for an immediate award of benefits is the proper remedy.

## CONCLUSION

      Having reviewed the record, the ALJ's findings, Plaintiff's argument and Defendant's concession, the Court concludes the ALJ's decision that Plaintiff's disability ended due to medical improvement is based on legal error, and the case should be remanded for an immediate award of benefits.  The decision is therefore REVERSED and the case is REMANDED for further proceedings consistent with this opinion.  Accordingly,

**IT IS HEREBY ORDERED**:

      1.    Plaintiff's Motion for Summary Judgment (**ECF No. 13**) is **GRANTED.**

      2.    Defendant's Motion for Summary Judgment (**ECF No. 21**) is **DENIED.**

      3.    An application for attorney fees may be filed by separate motion.

///
///
///
///

    4.     Judgment shall be entered for Plaintiff.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant and **CLOSE** the file.

**DATED** this 19th day of December, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

Case 2:13-cv-05117-RHW    Document 25    Filed 12/19/14